Bryan G. Pratt (9924)
RADER, FISHMAN & GRAUER, PLLC
10653 South River Parkway, Suite 150
South Jordan, UT  84095
Tel.:  (801) 572-0185
Fax:  (801) 572-7666

R. Terrance Rader
Kristin L. Murphy
Linda D. Mettes
RADER, FISHMAN & GRAUER, PLLC
35933 Woodward Avenue, Suite 140
Bloomfield Hills, Michigan 48304
Telephone: (248) 594-0600
Facsimile:  (248) 594-0610

*Attorneys for Plaintiff*

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| 1-800 CONTACTS, INC. a Delaware corporation, | Case No.: |
| Plaintiff, | Hon. |
| v. | **COMPLAINT AND JURY DEMAND** |
| LENSWORLD.COM, INC., a New Jersey corporation, | |
| Defendant. | |

Plaintiff  1-800  CONTACTS,  INC.  ("1-800  CONTACTS"  or  "Plaintiff")  for  its

Complaint  against  Defendant  LENSWORLD.COM,  INC.  ("LensWorld"  or  "Defendant")

alleges:

## NATURE OF THE ACTION

1.      This is a civil action for damages and injunctive relief arising out of LensWorld's acts of trademark infringement, unfair competition, false designation of origin, false advertising, passing off, and unjust enrichment under federal, state and/or common law as a result of LensWorld's wrongful acts, including willful infringement of 1-800 CONTACTS' rights in the trademarks 1800CONTACTS, 1-800 CONTACTS, and 1 800 CONTACTS (the "1-800 CONTACTS Marks") and infringement of 1-800 CONTACTS' copyrighted material.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

3.      This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1332.  On information and belief, the parties are citizens of different states and the amount in controversy far exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs, creating jurisdiction under 28 U.S.C § 1332.  Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction.

4.      This Court also has personal jurisdiction over LensWorld.  Upon information and belief, LensWorld conducts business in this District.  In addition, LensWorld has purposefully availed itself of the privilege of acting in this District by advertising, among other things, via the Internet in this District and by offering interactive websites at www.lensworld.com, www.contactmania.com and www.contactlensworld.com (the "LensWorld Websites") and various affiliate websites, which are accessible by Internet users throughout the country, including in this District, which permit users to register online, including in this District, and from which product can be ordered and shipped throughout the country, including in this

District.  See excerpts from the LensWorld Websites at **Exhibits A**, **B** and **C.**  LensWorld has used the 1-800 CONTACTS Marks without authorization or consent from 1-800 CONTACTS, including in this District.  The tortious conduct about which 1-800 CONTACTS complains has been committed by LensWorld in this District.  LensWorld's actions are aimed, at least in part, at this District.

5.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b).  A substantial portion of the activity about which 1-800 CONTACTS complains has taken place in this District, and the damages suffered by 1-800 CONTACTS were suffered, at least in part, in this District.

6.      Upon information and belief, LensWorld transacts business throughout the entire United States, including within the District of Utah.  The unlawful acts committed by LensWorld, as hereinafter alleged, have been and are, in whole or in part, conceived, carried out and made effective within this District.  The interstate trade or commerce described herein by LensWorld is carried out in part within this District.

## THE PARTIES

7.      Plaintiff 1-800 Contacts, Inc. is a Delaware corporation, with its principal place of business at 66 East Wadsworth Park Drive, Draper, Utah 84020.

8.      Upon information and belief, Defendant LensWorld.com, Inc. is a New Jersey corporation with a mailing address of PO Box 286, Jersey City, New Jersey 07302 and a principal place of business at 138 Park Avenue, Hoboken, New Jersey 07030.  Upon information and belief, Defendant LensWorld operates throughout the United States, including within the State of Utah.

9.    Upon information and belief, LensWorld also operates under the names Contact Mania and Contact LensWorld, using the mailing address PO Box 286, Jersey City, New Jersey 07302.

10.    The public records for the domain name "lensworld.com" show Colm Walsh of 232 Third Street, Jersey City, New Jersey 07302 as the owner of the domain name, and Kevin Walsh of 3 City Garden Row, London N18JU, United Kingdom, as the administrative and technical contacts.  See Whois record at **Exhibit D.**

11.    The public records for the domain name "contactlensworld.com" show LensWorld, Inc. at PO Box 286, Jersey City, New Jersey 07303 as the owner of the domain name.  See Whois record at **Exhibit E**.

12.    The public records for the domain name "contactmania.com" show Kevin Walsh of 3 City Garden Row, London N18JU, United Kingdom, as the owner of the domain name.  See Whois record at **Exhibit F**.

13.    According to a Federal Trade Commission complaint for the illegal sale of contacts without verifying consumer prescriptions, Kevin Walsh is the owner of LensWorld's predecessor, Walsh Optical, Inc., which operated the LensWorld Websites.  See FTC Complaint at **Exhibit G**.

### GENERAL ALLEGATIONS

### 1-800 CONTACTS' ACTIVITIES AND PROPRIETARY RIGHTS

14.    For over a decade, 1-800 CONTACTS  has been and is now extensively engaged in the business of selling and distributing contact lenses and eye care products via telephone and fax, through the Internet and by mail (the "1-800 CONTACTS  Goods and Services").  Indeed, 1-800 CONTACTS is the market leader in the field of replacement contact lenses, having filled

over 16 million orders for over five million customers, with an inventory of over 20 million lenses. 1-800 CONTACTS' products can be ordered over the Internet via Plaintiff's website at www.1800contacts.com (the "1-800 CONTACTS Website").

15.    Since at least as early as 1995, the 1-800 CONTACTS Goods and Services have been widely advertised and offered in interstate commerce throughout the United States. The 1-800 CONTACTS Marks are used extensively in various advertising and promotional media, including the Internet, radio, television, trade shows, and through various printed media including direct mail.

16.    1-800 CONTACTS possesses common law and federal registration rights in the mark 1-800 CONTACTS, including U.S. Registration Nos. 2,675,866 and 2,731,114. Copies of these registrations and printouts from the U.S. Patent and Trademark Office database for such registrations are attached at **Exhibit H**.

17.    U.S. Registration No. 2,675,866 and U.S. Registration No. 2,731,114 constitute prima facie evidence of 1-800 CONTACTS' ownership of the 1-800 CONTACTS Marks, its exclusive right to use the marks throughout the United States, and the validity of the registrations and the marks.

18.    As a result of the quality of the 1-800 CONTACTS Goods and Services and the widespread promotion thereof under the 1-800 CONTACTS Marks, the 1-800 CONTACTS Goods and Services have met with substantial commercial success and widespread consumer recognition. As a further result, the 1-800 CONTACTS Marks are extensively known and have become symbols of Plaintiff, its quality products and services, and its goodwill.

19.    Plaintiff has also secured a federal copyright registration for the certain versions of the content and presentation of its website at www.1800contacts.com. A copy of the

registration certificate for Registration No. VA-1-116-652 along with the deposit copy is attached at **Exhibit I**.  Plaintiff's Website also bears a copyright notice throughout the website.

**LENSWORLD'S**
**WRONGFUL ACTS**

20.     Like 1-800 CONTACTS, LensWorld offers the sale of replacement contact lenses over the Internet.

21.     Notwithstanding 1-800 CONTACTS' rights in the 1-800 CONTACTS Marks, LensWorld has engaged and is engaging in the purchase of keywords and sponsored advertisements from Google, and other search engines, for Plaintiff's Marks to trigger advertising and/or a link to one or more of the LensWorld Websites.

22.     For example, as shown in the below screenshot, when Plaintiff's mark 1800CONTACTS is entered into the search box, an ad with a link to one of LensWorld's websites appears on the right side of the screen under the "Sponsored Links" section.



23.    On information and belief, LensWorld seeks to mislead consumers by purchasing keywords that incorporate 1-800 CONTACTS' marks.

24.    The ad for LensWorld's website is directly generated by a search for 1800 CONTACTS and thus, LensWorld uses the 1800 CONTACTS trademark as a triggering keyword to display and promote LensWorld's directly competitive goods and services.    In essence, LensWorld is using the 1-800 CONTACTS Marks to trick consumers into visiting the LensWorld Websites.

25.    LensWorld's actions are specifically aimed at diverting web users who are expressly looking for 1-800 CONTACTS  and the 1-800 CONTACTS Goods and Services. Indeed, LensWorld goes even so far as to represent to consumers that it is 1-800 CONTACTS, that there is an affiliation between 1-800 CONTACTS and LensWorld, or that 1-800 CONTACTS is sponsoring the LensWorld endeavor and/or its ads, by using the 1-800 CONTACTS Marks to trigger the LensWorld ads under the "Sponsored Links" heading.

26.    Upon investigating LensWorld's infringing activity, 1-800 CONTACTS discovered numerous complaints regarding LensWorld's poor customer service and nefarious business practices.   See **Exhibit J**.

27.    Upon information and belief, in an effort to pass themselves off as Plaintiff and/or create an association between themselves and Plaintiff, Defendants copied portions of Plaintiff's Website, including portions of its copyrighted material and has reproduced the copied portions of Plaintiff's Website on Plaintiff's own website.

28.    For example, upon information and belief, the LensWorld Website includes portions of a frequently asked questions (FAQ's) section that were lifted directly from the copyrighted 1-800 CONTACTS Website.   Other portions of the FAQ's section include only

minor and slight modifications from the 1-800 CONTACTS Website, resulting in a derivative work.  A snapshot from the LensWorld Website showing such uses is shown below.



29.    Most of the copied language appears verbatim on archived 1-800 CONTACTS Websites, as shown below, and also in portions of a copyrighted version of the website, as shown in **Exhibit I**.



**INJURY TO 1-800 CONTACTS AND THE PUBLIC**

30.     LensWorld's unauthorized use of the 1-800 CONTACTS Marks has and will continue to irreparably injure 1-800 CONTACTS by confusing customers, diverting sales, and diluting the distinctiveness of the 1-800 CONTACTS Marks.   If permitted to continue, LensWorld's use of the 1-800 CONTACTS Marks will continue to irreparably injure 1-800 CONTACTS, the 1800 CONTACTS Marks, the reputation and goodwill associated therewith, 1-800 CONTACTS' reputation for exceedingly high-quality services and products, and the public interest in being free from confusion, mistake or deception.

31.     LensWorld's use of the 1-800 CONTACTS Marks has caused and will continue to cause confusion, mistake or deception as to the source or origin of LensWorld's goods and services and is likely to falsely suggest a sponsorship, connection, license, endorsement or association of LensWorld's goods and services with 1-800 CONTACTS, thereby injuring 1-800 CONTACTS and the public.

32.     LensWorld's use of colorable imitations of the 1-800 CONTACTS Marks and Plaintiff's Copyrighted Material is part of a deliberate plan to trade on 1-800 CONTACTS' goodwill and otherwise unfairly compete with 1-800 CONTATS and benefit therefrom.  Upon information and belief, LensWorld knew of 1-800 CONTACTS' tremendous success and the 1-800 CONTACTS Marks and intentionally engaged in trademark infringement with full knowledge of 1-800 CONTACTS' rights.

33.     In manufacturing an association with 1-800 CONTACTS, LensWorld's history of poor customer service reflects negatively on, and injures, 1-800 CONTACTS.

## COUNT I

**Federal Trademark Infringement**
**Violation of 15 U.S.C. § 1114**

34.     1-800 CONTACTS incorporates by reference the allegations of Paragraphs 1-33 of this Complaint.

35.     The unauthorized appropriation and use by LensWorld in commerce of the 1-800 CONTACTS Marks, in connection with goods and services that are identical or substantially similar to those offered by 1-800 CONTACTS, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of LensWorld's services and commercial activities, and thus infringes 1-800 CONTACTS' rights in its federally registered marks under 15

U.S.C. § 1114.  LensWorld's actions have been carried out in willful disregard of 1-800

CONTACTS' rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II

### Federal Unfair Competition, False Designation of Origin, Passing Off, and False Advertising

### 15 U.S.C. §1125(a)

36.     Plaintiff incorporates by reference the allegations of Paragraphs 1 - 35.

37.     The unauthorized use by LensWorld of the 1-800 CONTACTS Marks in

connection with LensWorld's business is likely to cause the public to mistakenly believe that

LenWorld's contact lens replacement services originate from, are endorsed by, or are in some

way affiliated with 1-800 CONTACTS and thus constitutes trademark infringement, false

designation of origin, passing off, and unfair competition and is likely to cause the 1-800

CONTACTS Marks to lose their significance as indicators of origin.  Likewise, LensWorld has

used the 1-800 CONTACTS Marks in connection with false and misleading descriptions or

representations of fact in commercial advertising or promotion, thereby misrepresenting the

nature, characteristics, and qualities of their or another entity's goods, services, or commercial

activities.  LensWorld's actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §

1125(a).

38.     Upon information and belief, the appropriation of the 1-800 CONTACTS Marks

by LensWorld as set forth above is a part of a deliberate plan to trade on the valuable goodwill

established therein.  With knowledge of 1-800 CONTACTS and 1-800 CONTACTS' rights and

with the deliberate intention to unfairly benefit from 1-800 CONTACTS' goodwill, the actions

of LensWorld has been carried out in willful disregard of 1-800 CONTACTS' rights in violation

of 15 U.S.C. Section 1125(a).

## COUNT III

**Common Law Unfair Competition, Misappropriation,
and Trademark Infringement**

**Unfair Practices Act – Utah Code Ann. §13-5-1 *et seq*.**

39.    1-800 CONTACTS incorporates by reference the allegations of Paragraphs 1 - 38.

40.    By its aforesaid conduct calculated to increase business and profits by deceiving and confusing members of the public, LensWorld continues to misappropriate the valuable goodwill of the 1-800 CONTACTS Marks, to infringe 1-800 CONTACTS' rights therein, and to unfairly compete with 1-800 CONTACTS under the common law and the laws of Utah. LensWorld's use of the 1-800 CONTACTS Marks to promote, market or sell products and services constitutes an unfair practice under Utah Code Ann. §13-5-1 *et seq*. LensWorld's use of the 1-800 CONTACTS Marks is an unfair or deceptive method of competition occurring in trade or commerce that impacts the public interest and has caused and is causing injury to 1-800 CONTACTS and consumers.

## COUNT IV

**Common Law Dilution**

41.    1-800 CONTACTS incorporates by reference the allegations of Paragraphs 1 - 40.

42.    LensWorld's advertising and proposed sale of goods and services in connection with Plaintiff's 1-800 CONTACTS Marks is likely to cause injury to the business reputation of 1-800 CONTACTS and dilute the distinctive quality of such famous mark in violation of Utah law.

## COUNT V

### Unjust Enrichment

43.    1-800 CONTACTS incorporates by reference the allegations of Paragraphs 1 - 42.

44.    LensWorld is being unjustly enriched to the damage and irreparable harm of 1-800 CONTACTS.

## COUNT VI

### Copyright Infringement

### 17 U.S.C. § 101 *et seq.*

45.    Plaintiff incorporates by reference the allegations of Paragraphs 1 - 44.

46.    Plaintiff owns a valid copyright in versions of the content appearing on Plaintiff's Website and for which it has secured one or more copyright registrations, including, for example Copyright Registration No. VA 1-116-652 attached as **Exhibit I**.

47.    Defendants have infringed Plaintiff's Copyrighted Material by reproducing and distributing portions thereof, without license, consent or authorization of Plaintiff, and have otherwise violated Plaintiff's exclusive rights as set forth under 17 U.S.C. §101 *et seq.*

48.    Upon information and belief, Defendants had access to Plaintiff's Copyrighted Materials, as such materials are publicly available on Plaintiff's Website.

49.    Upon information and belief, many of the statements and phrases appearing on the "FAQ's" page of Defendants' LensWorld Website were copied from and are identical, substantially similar to, or derivative works of statements and phrases appearing on Plaintiff's Website and/or otherwise violate Plaintiff's exclusive rights in Plaintiff's Copyrighted Materials, as set forth in Paragraphs 26 - 28 above.   See also **Exhibit I**.

50.     Defendants' conduct constitutes copyright infringement under the Federal Copyright Act, 17 U.S.C. § 101, *et seq*.

## DEMAND FOR RELIEF

WHEREFORE, 1-800 CONTACTS requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.     That 1-800 CONTACTS is the owner of the entire right, title and interest in and to the 1-800 CONTACTS Marks and 1-800 CONTACTS' Copyrighted Materials, that the 1-800 CONTACTS Marks and 1-800 CONTACTS' Copyrighted Materials are valid, enforceable and violated by LensWorld and that LensWorld has violated and is violating other relevant federal and state laws and regulations.

B.     That LensWorld, their affiliates, agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

1.     Further infringement of the 1-800 CONTACTS Marks and 1-800 CONTACTS' Copyrighted Materials and from unfairly competing with 1-800 CONTACTS; from using any variation of the 1-800 CONTACTS Marks and 1-800 CONTACTS' Copyrighted Materials and any other marks or names that are confusingly similar to or that dilute the distinctiveness of those proprietary materials, including but not limited to use as domain names, trademarks, services marks, business names, meta tags, sponsored advertisement triggers, other identifiers, keywords or other terms used to attract or divert traffic on the Internet or to secure higher placement within search engine search results; and

14

2.      From representing by any means whatsoever, directly or indirectly, that LensWorld, any products or services offered by LensWorld, or any activities undertaken by LensWorld, are associated with, endorsed by, sponsored by or connected in any way with 1-800 CONTACTS.

C.      That LensWorld willfully violated 1-800 CONTACTS' rights.

D.      That LensWorld be required to pay to 1-800 CONTACTS' damages according to proof, together with prejudgment interest thereon, as 1-800 CONTACTS has sustained as a consequence of LensWorld's wrongful acts, and to account for and return to 1-800 CONTACTS any monies, profits and advantages wrongfully gained by LensWorld.

E.      That all damages incurred by 1-800 CONTACTS be trebled.

F.      That LensWorld be required to pay to 1-800 CONTACTS punitive and exemplary damages.

G.      That LensWorld be required to pay to 1-800 CONTACTS all attorney fees, expenses and costs incurred in this action.

H.      That LensWorld be required to pay 1-800 CONTACTS statutory damages in an amount of $150,000 per work infringed for the foregoing acts of copyright infringement, in accordance with 17 U.S.C. § 501 *et seq*.

I.      That LensWorld be required to pay 1-800 CONTACTS' costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 501 *et seq*, and other applicable laws;

J.      That LensWorld deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all products, fixtures, writings, signage, artwork and

other materials that infringe 1-800 CONTACTS' rights, falsely designate source or origin, or otherwise facilitate LensWorld's unfair competition with 1-800 CONTACTS.

K.      That an Order be issued directing LensWorld to file with this Court and serve on 1-800 CONTACTS' attorneys, within thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which LensWorld has complied with the injunction.

L.      That 1-800 CONTACTS be granted such further relief as this Court may deem appropriate.

### DEMAND FOR JURY TRIAL

1-800 CONTACTS hereby demands a trial by jury on all issues and claims so triable.

Respectfully submitted,

Date: January 8, 2008          By:  s/Bryan G. Pratt
                                    Bryan G. Pratt
                                    RADER, FISHMAN & GRAUER, PLLC
                                    10653 South River Parkway, Suite 150
                                    South Jordan, UT  84095
                                    Tel.:  (801) 572-0185
                                    Fax:  (801) 572-7666
                                    Email: bgp@raderfishman.com

R. Terrance Rader
Kristin L. Murphy
Linda D. Mettes
RADER, FISHMAN & GRAUER PLLC
35933 Woodward Avenue, Suite 140
Bloomfield Hills, Michigan 48304
Telephone: (248) 594-0600
Facsimile:  (248) 594-0610

*Attorneys for Plaintiff*